NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMIEL A. KANDI, | No. 18-17394 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00794-LJO-BAM |
| v. | |
| MANAGEMENT AND TRAINING CORPORATION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 18, 2019**

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

The opening brief filed on January 7, 2019 and the response to the January 16, 2019 order to show cause demonstrate that this appeal involves non-frivolous issues. The order to show cause is discharged.

Emiel A. Kandi appeals pro se from the district court's judgment dismissing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1057-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Kandi's putative *Bivens* claims against defendants Management and Training Corporation and American Zurich Insurance Company because a *Bivens* claim may not be brought against a private corporation. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001).

Dismissal of Kandi's access-to-courts and medical deliberate indifference claims against defendants Marquardt, Apker, Patrick, Bernal, Hunt, Dunham, Rucker, Luna, Friend, Puentes, Letterman, Craig, Sy, Manuz, Pait, Mann, Martin, Lane, Jones, Adams, Hicks, Watts, Morseth, Ehli, Jenkins, Swanson, Bryant, and Logan ("MTC Officials") was proper because there is no *Bivens* remedy available for such claims. *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (*Bivens* claim may not be brought against employees working at a privately operated federal prison, where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law, such as improper medical care); *Vega v. United States*, 881 F.3d 1146, 1148 (9th Cir. 2018) (holding that *Bivens* should not be expanded to include an access-to-courts claim against private defendants).

18-17394

Even if a *Bivens* remedy is available for Kandi's remaining constitutional claims against the MTC Officials, dismissal was proper because Kandi failed to allege facts sufficient to state any plausible claim. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (supervisory liability inapplicable to *Bivens* actions); *see also Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (elements of a free exercise claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *Cassettari v. County of Nevada*, 824 F.2d 735, 739 (9th Cir. 1987) (insufficiency of allegations to support a § 1983 violation precludes a conspiracy claim predicated upon the same allegations); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (no cause of action under § 1986 absent a valid § 1985 claim).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Kandi's state law claims because Kandi failed to state a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (providing standard of review and explaining that a federal court may decline supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

18-17394

We reject as without merit Kandi's contention that the district court had original jurisdiction on the basis of diversity. *See Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986) (diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**